■ In the Matter of MADELEINE LEWIS, Respondent, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— In a proceeding pursuant to article 78 of the CPLR by a teacher in appellant's employ to compel the latter to pay petitioner a second differential in salary, the appeal is from a judgment of the Supreme Court, Kings County, dated October 27, 1971, which granted the petition. Judgment reversed, on the law, without costs, and proceeding dismissed. Petitioner attended Brooklyn College from September, 1964 to June, 1968, when she received her Bachelor of Arts degree. She began teaching in September, 1968 and continued with her studies at Brooklyn College, earning a Master of Science degree in Elementary Education in February, 1971. She had also attained 32 credits at Yeshiva University in the period

1963–1965, which credits were not used towards either degree. She requested that appellant pay her a second salary differential as of February, 1971, in accordance with the contract between appellant and the United Federation of Teachers. Appellant refused. The contract provides, in part, that a teacher shall be eligible for a second differential if he (a) holds an approved doctorate or (b) "holds an approved master's degree issued by a recognized college or university and * * * *after having earned the baccalaureate,* has satisfactorily completed 30 semester hours of approved credits in college or university study" (italics added). The contract clearly requires that, to qualify under alternative (b), the 30 semester hours be completed after the applicant for the differential shall have earned his baccalaureate degree. The additional credits on which petitioner bases her claim were earned before she obtained her Bachelor of Arts degree and she therefore does not satisfy the requirements for a second differential. Hopkins, Acting P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.